UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -against-

LUIS ROJAS,

                     Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/18/2020__

01 Cr. 00257-001 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, Luis Rojas, a prisoner serving his sentence at Big Spring (Flightline) CI, a private facility under contract with the Federal Bureau of Prisons (the "BOP"), moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. Def. Mot. at 1, ECF No. 295. For the reasons stated below, Rojas' motion is GRANTED.

## BACKGROUND

    In March 2002, Rojas pleaded guilty to one count of conspiring to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. 3/26/2002 Docket Entry. In January 2003, the Honorable Allen G. Schwartz sentenced him to 360 months' imprisonment, followed by five years of supervised release. ECF No. 201. In 2009, the Honorable John F. Keenan resentenced Rojas due to intervening changes in the law. ECF No. 270; *United States v. Rojas*, 412 F. App'x 363, 365 (2d Cir. 2011). Judge Keenan imposed the same sentence of 360 months' imprisonment and 5 years of supervised release. ECF No. 270. Rojas is subject to an ICE detainer, and will be deported to Colombia upon completion of his sentence. Def. Ex. B at 3, ECF No. 296-3; Def. Mem. at 1, ECF No. 296.

    To date, Rojas has served nearly two decades in prison. At sixty-five years old, his advanced age, along with his serious medical issues, including Type 2 diabetes, hypertension,

high cholesterol, peripheral vascular disease, and obesity, place him at serious risk should he become infected with COVID-19.  Def. Mem. at 4–5.  In fact, the Centers for Disease Control and Prevention (the "CDC") has found that individuals in Rojas' age group are particularly vulnerable to COVID-19, making him ninety times more likely to die from COVID-19 and five times more likely to be hospitalized, than individuals aged 18 to 29.  *See COVID-19 (Coronavirus Disease): COVID-19 Hospitalization and Death by Age*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated August 18, 2020).  The CDC has recognized that individuals who suffer from Type 2 diabetes and obesity are at an increased risk of severe illness from COVID-19.  *See COVID-19 (Coronavirus Disease): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).  The CDC has also stated that individuals with hypertension might be at an increased risk for severe illness from the virus.  *Id.*

On May 31, 2020, Rojas' sister sent a lengthy, handwritten letter to the facility administrator of Big Spring (Flightline) CI requesting compassionate release on his behalf.  Def Mem. at 7.  Defendant filed his own request to the Warden on or around June 6, 2020.  Gov't Ex. B, ECF No. 300-2.  Rojas received notice that the Warden denied his request on June 16, 2020.  Def. Mem. at 7.  The Warden's denial stated that Rojas was ineligible for compassionate release because he is subject to an ICE detainer upon release from prison.  Gov't Ex. B.  On August 13, 2020, Rojas appealed that decision.  Def. Mem. at 7.  He has not received a response to that appeal.  *Id.*  On August 20, 2020, Rojas clarified that his initial request for compassionate release was based upon his age, underlying health conditions, and COVID-19 risks.  Def. Mem. at 8.  His request was denied that same day.  *Id.*  On October 22, 2020, Rojas moved this Court to

modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic.  Def. Mot. at 1.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Rojas must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.  The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

The parties agree that Rojas has exhausted his administrative remedies. Def. Mem. at 8; Gov't Opp'n at 4, ECF No. 300. Therefore, the Court need only address whether Rojas has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

I.     Extraordinary and Compelling Reasons for Release

The Court finds that Rojas has set forth "extraordinary and compelling reasons" to modify his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Rojas' advanced age, combined with his serious medical conditions, clears the high bar set by § 3582(c)(1)(A)(i).

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

The parties agree that Rojas has demonstrated that extraordinary and compelling reasons exist. Gov't Opp'n at 12–13. The CDC has found that the risk for severe illness from COVID-

4

19 increases with age, and identifies older adults, like Rojas, as more likely than others to become severely ill.  *COVID-19 (Coronavirus Disease)*: *People at Increased Risk*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated Nov. 30, 2020).  In fact, eight out of ten COVID-19-related deaths in the United States have been among adults aged 65 years and older.  *COVID-19 (Coronavirus Disease): Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

Rojas' vulnerability to COVID-19 due to his age is compounded by his health conditions.  His BOP medical records indicate that he is on a number of medications to treat his diabetes, cardiac condition, hypertension, and high cholesterol.  Def. Ex. C.  Rojas' medical records also state that he had multiple surgeries to treat his severe peripheral vascular disease.  *Id*.  Most recently, in November 2019, he received a percutaneous trans arterial atherectomy to remedy this condition.  Lozano Decl. ¶ 12, ECF No. 296-1.  Thus, taken together, his advanced age and health conditions are "extraordinary and compelling reasons" that warrant a reduction of his sentence.

Other courts in this district have granted applications for a sentence reduction pursuant to § 3582(c) under similar circumstances, finding that the combination of advanced age, underlying medical conditions, and incarceration can "compound[] the risk COVID-19 poses to [a defendant], placing [the defendant] in particularly grave danger."  *United States v. Gross*, 452 F. Supp. 3d 26, 27 (S.D.N.Y. 2020) (deferring a decision on compassionate release of an incarcerated person who "suffers from high blood pressure and sleep apnea," on other grounds, and later granting the motion, *United States v. Gross*, No. 15 Cr. 769, ECF No. 771) (internal citation and quotation marks omitted); *see also United States v. Rodriguez*, No. 00 Cr. 761, 2020

WL 5810161, at *3 (S.D.N.Y. Sept. 30, 2020) (finding extraordinary and compelling reasons due to a defendant's obesity and Type 2 diabetes); *United States v. Scparta*, No. 18 Cr. 578, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (granting compassionate release to an incarcerated person who "suffers from hypertension, sleep apnea, high blood pressure, and high cholesterol"). The same justifications apply here.

The dire risks posed by the COVID-19 pandemic due to Rojas' advanced age and health conditions merits finding extraordinary and compelling reasons justifying a reduction of sentence.

II.     Section 3553(a) Factors

The Court also finds that the factors listed in § 3553(a) do not outweigh the extraordinary reasons justifying a modification of sentence. Undoubtedly, the crime that Rojas committed was serious. However, he accepted responsibility for the crime by pleading guilty, in the absence of a plea agreement, and was sentenced to a lengthy term of incarceration. Def. Mem. at 5. Although the Court acknowledges that Rojas has almost six years remaining in his sentence, he has served more than nineteen and half years in prison, and more than seventy-five percent of his term as calculated against his current projected release date of November 2026. Def. Ex. A at 3, ECF No. 296-2; Gov't Opp'n at 14.

Moreover, during his prison stay, Rojas has taken steps to rehabilitate himself. The Supreme Court has noted that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *See Pepper v. United States*, 562 U.S. 476, 491 (2011). He has completed a GED program and has become proficient in English. He has also taken over fifty courses, spanning a number of topics, including real estate, parenting, health, business, and yoga.

Def. Ex. B.  His reentry plan indicates that he has maintained a job assignment and "clear conduct."  *Id.* at 3.  The Government agrees that over the course of nearly two decades, Rojas has only had four minor and non-violent disciplinary infractions.  Gov't Opp'n at 3–4.

Rojas' ICE detainer does not militate against modifying his sentence.  Courts in this district routinely grant compassionate release in cases involving defendants subject to ICE detainers.  *See United States v. Djemal Nehmad*, No. 16 Cr. 829, 2020 WL 6719380, at *4 (S.D.N.Y. Nov. 16, 2020); *United States v. Afanasyev*, No. 17 Cr. 350, 2020 WL 6395303, at *2 (Oct. 30, 2020); *United States v. Ramirez*, No. 19 Cr. 105, 2020 WL4577492, at *4 (S.D.N.Y. Aug. 6, 2020).  Defense counsel avers that they have notified ICE of this motion.  Def. Mem. at 22.  Although ICE has yet to notify Rojas of a preliminary release plan, Rojas is prepared to return to Colombia.  Lozano Decl. ¶ 32.  His family in Colombia is ready to welcome him, and care for his medical needs.  *Id*. ¶ 31.  He intends to stay at this brother's home in Cali, where his nephew and his nephew's wife, who are both doctors, will care for him.  *Id*.  Upon his release from federal custody, Rojas will be released to ICE custody and then deported, and thus, "the safety of the community would not be adversely affected" by his release.  *Afanasyev*, 2020 WL 6395303, at *2.

Accordingly, the § 3553(a) factors do not outweigh the extraordinary and compelling reasons justifying release.

## CONCLUSION

For the reasons stated above, Rojas' motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) is GRANTED.  Rojas' sentence of imprisonment is modified to time served plus five years of supervised release, subject to any detainers.  The BOP

is directed to release Rojas immediately into the custody of ICE for removal to Colombia as soon as possible.

      The Clerk of Court is directed to terminate the motion at ECF No. 295.

      SO ORDERED.

Dated: December 18, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge